**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALDO CONTRERAS LIBERATI,**

                              **Plaintiff,**

     vs.                                           **9:12-CV-00795**
                                                           **(MAD/DEP)**

**GRAVELLE, SGT., CLINTON**
**COUNTY JAIL,**

                              **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**ALDO CONTRERAS LIBERATI**,
#19502-052
Plaintiff, *pro se*
Moshannon Valley Correctional Institute
555 Geo Drive
Philipsburg, Pennsylvania 16866

**LEMIRE, JOHNSON LAW FIRM**        GREGG T. JOHNSON, ESQ
P.O. Box 2485                              MARY E. KISSANE, ESQ.
2534 Route 9
Malta, New York 12020
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On May 14, 2012, Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging that upon arrival at Clinton County Correctional Facility, Defendant used excessive force against Plaintiff, causing him injury. *See* Dkt. No. 1. On December 28, 2012, Defendant moved for summary judgment seeking dismissal of Plaintiff's claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. No. 22-7 at 5. Defendant argues that dismissal is appropriate based on (1) plaintiff's failure to exhaust the available administrative remedies at Clinton before commencing suit; (2) the record evidence, from which no reasonable

factfinder could conclude that he used force that violated Plaintiff's constitutional rights; and (3) his entitlement to qualified immunity from suit. *See generally* Dkt. No. 22-7. Plaintiff failed to oppose Defendant's motion for summary judgment. *See* Dkt. No. 31 at 6.

In a Report-Recommendation and Order dated August 9, 2013, Magistrate Judge Peebles recommended that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint. *See* Dkt. No. 31 at 2. Specifically, although Magistrate Judge Peebles found that questions of fact preclude granting the motion on exhaustion grounds, he found that the motion should be granted on the merits because no reasonable factfinder could conclude that Defendant violated Plaintiff's Eighth Amendment rights. *See id.* at 21. Neither party objected to Magistrate Judge Peebles Report-Recommendation and Order.

On February 5, 2012, Plaintiff was transferred to Clinton Correctional Facility ("Clinton") located in Dannemora, New York. *See* Dkt. No. 22-2 at 3. During the transfer, the corrections officers escorting Plaintiff called Clinton to notify them that Plaintiff was difficult and combative. *See id.* Upon arrival, the staff at Clinton prepared Plaintiff for housing by performing the routine intake and booking procedures. *See id.* at 4. Part of the normal procedure was to conduct a pat-down search to detect any contraband that was not detected by the "BOSS" chair. *See id.* at 3. During the pat-down, Plaintiff disobeyed orders on at least two occasions when he refused to face and keep his hands on the wall. *See id.* at 4.

When the Clinton officers realized that Plaintiff had a second layer of pants underneath his jeans, they instructed him to remove them in a private changeout room. *See id.* at 4. After removal of the pants Plaintiff refused to remain on the wall, so they attempted to physically restrain him. *See id.* at 5. Upon hearing this commotion, Defendant entered the changeout room to assist with the situation. *See id.* He observed Plaintiff resisting the officers that were trying to

restrain him. *See id.* Defendant administered "a single, one second, application of O.C. spray towards other officers to continue to gain control over Plaintiff and secure his hands." *Id.* After he administered the spray, Defendant placed it back in his holster and retreated to allow the other officers to gain control of Plaintiff. *See id.* Although Defendant remained in the room, he used no further force against him other than to place his feet near the Plaintiff to prevent him from putting his hands under his body. *See id.* at 5-6. When the Plaintiff was fully secured, Defendant left the room. *See id.* at 6. Plaintiff was then escorted to a holding cell to provide him an opportunity to calm down, decontaminate his eyes with eye wash and see medical staff at the facility. *See id.*

Plaintiff's verified complaint alleges that Defendant punched him in the head twice and that he did not file a grievance regarding these allegations because the corrections officers at Clinton refused to provide him with the necessary form. *See id.* at 2.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue

3

warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Morever, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does

4

not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidenced" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F. 2d 18, 21 (2d Cir. 1991)).

Upon review of Magistrate Judge Peebles' Report-Recommendation and Order, the Court finds that the report correctly determined that Defendant's motion for summary judgment should be granted. In support of the motion for summary judgment, Defendant argues that he did not violate Plaintiff's Eighth Amendment rights because there is no record evidence that he punched Plaintiff in the head or used excessive force. *See* Dkt. No. 22-7 at 8-11. To state a claim for excessive force, a plaintiff must show defendant's acts are "incompatible with 'the evolving standards of decency that mark the process of a maturing society,' or involve[s] the unnecessary and wanton infliction of pain[.]'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 100-01 (1958); *Gregg v. Georgia*, 428 U.S. 153, 169-73 (1976) (internal citations omitted)). Even though the Eighth Amendment does not mandate that prisons be comfortable, they must be sufficiently humane. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components- one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (citing *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999)). The subjective element is satisfied when plaintiff demonstrates that "the defendant

5

had the necessary level of culpability, shown by actions characterized by wantonness in light of the particular circumstances surrounding the alleged conduct." *Wright*, 554 F.3d at 268 (internal quotation marks omitted). This inquiry looks at "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)).

The objective element examines the harm inflicted in relation to "contemporary standards of decency." *Wright*, 554 F.3d at 268 (quoting *Hudson*, 503 U.S. at 8). Malicious or sadistic harm caused by prison officials, notwithstanding the extent of injury, always violates the "contemporary standards of decency." *Wright*, 554 F.3d at 268-69 (quoting *Hudson*, 503 U.S. at 9). The amount of force is examined in proportion to the need reasonably perceived by prison officials and what, if anything, did they do to limit such force. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321; *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993).

In the present matter, no evidence in the record suggests that Defendant, Gravelle used force maliciously or sadistically against Plaintiff. The record reveals that action was initiated against Plaintiff in response to his repeated failures to obey orders to keep his hands on the wall during the pat-down search. Defendant administered a single O.C. spray to assist the corrections officers and then moved away from Plaintiff, using no more force or spray than was necessary to control Plaintiff. The undisputed material facts make clear that no reasonable factfinder could conclude that Defendant used malicious or sadistic force against Plaintiff because such actions were taken in response to Plaintiff's failure to obey orders and the need to restore order. Although Plaintiff's claim that Defendant punched him in the head would constitute malicious or sadistic force in violation of Plaintiff's Eighth Amendment rights, there is no evidence in the record to

support such claim. Therefore, Plaintiff fails to state a claim that Defendant violated his Eighth Amendment rights.

After careful review of Magistrate Judge Peebles' Report-Recommendation and Order, the parties' parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 9, 2013 Report-Recommendation and Order is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 24, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge